**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 16 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAMEISHA BEED; et al.,

        Plaintiffs - Appellants,

  v.

COUNTY OF LOS ANGELES, Public
Entity; et al.,

        Defendants - Appellees.

No. 08-56137

D.C. No. 2:06-cv-01236-GAF-
PLA

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted November 2, 2009
Pasadena, California

Before: T.G. NELSON, BYBEE and M. SMITH, Circuit Judges.

    Lameisha Beed and Deliah Reynolds brought this action raising claims

under 42 U.S.C. § 1983 and state law after they were arrested, detained, and strip

searched by police officers employed by the City and County of Los Angeles.

Beed and Reynolds appeal the district court's grant of partial judgment on the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

pleadings to the County, grant of partial summary judgment in favor of the City, and denial of their motions for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) after the jury's verdict. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court properly granted partial judgment as a matter of law to the County of Los Angeles and partial summary judgment to the City of Los Angeles on Beed's state law claim of false imprisonment. Neither Beed's allegations/proposed allegations, viewed as true, nor the evidence on summary judgment, viewed in the light most favorable to Beed, raise a question of fact as to whether the County's or City's employees acted unreasonably or with malice in continuing to detain Beed. *See Lopez v. City of Oxnard*, 254 Cal. Rptr. 556, 560-62 (Cal. Ct. App. 1989).

The district court properly granted judgment as a matter of law on Reynolds' claim for unlawful arrest because the undisputed objective facts establish that probable cause existed for Reynolds' arrest. *See John v. City of El Monte*, 515 F.3d 936, 940 (9th Cir. 2008) ("Probable cause is an objective standard and the officer's subjective intention in exercising his discretion to arrest is immaterial in judging whether his actions were reasonable for Fourth Amendment purposes.").

The district court properly denied Beed's and Reynolds' motions for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) after the

jury's verdict.  Substantial evidence supports the jury's verdict that Beed was not unlawfully detained in violation of her Fourth Amendment rights because, viewed in the light most favorable to the officer, the evidence presented at trial demonstrates that the officer's actions were not objectively unreasonable.  *See Freeman v. City of Santa Ana*, 68 F.3d 1180, 1186 (9th Cir. 2005); *Erdman v. Cochise County*, 926 F.2d 877, 882-83 (9th Cir. 1991); *see also Baker v. McCollan*, 443 U.S. 137, 143-47 (1979).  Substantial evidence also supports the jury's verdict that the strip search of Reynolds did not violate her Fourth Amendment rights because, viewed in the light most favorable to the officer, the evidence presented at trial demonstrates that the officer had reasonable individualized suspicion that Reynolds could have had drugs hidden on her person. *See Act/Up!/Portland v. Bagley*, 988 F.2d 868, 871-72 (9th Cir. 1993).

We have considered and reject all other claims raised on appeal.

**AFFIRMED.**